RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/14/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| NASSAR ISSA NASSAR,<br>Petitioner | CIVIL ACTION<br>NO. 1:13-CV-00442 |
| VERSUS | |
| JANET NAPOLITANO, et al.,<br>Respondents | DISTRICT JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Nassar Issa Nassar ("Nassar") on February 27, 2013 (Doc. 1). Nassar, a native and citizen of the Hashemite Kingdom of Jordan, is contesting his continued detention, since May 12, 2012, by the United States Bureau of Immigration and Customs Enforcement ("ICE") pursuant to an order of removal which became final on August 22, 2012. The sole relief requested by Perez is release from confinement pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). At the time of filing his petition, Nassar was confined in the LaSalle Detention Facility in Jena, Louisiana.

The Respondents filed a motion to dismiss Nassar's petition, contending it is moot because he has been removed from the United States (Doc. 9). Nassar has not filed a response to that motion.

The Respondents show, through an uncontested affidavit by

Acting Deputy Field Office Director Brian Gueringer (in Oakdale, Louisiana) and a supporting document, that Nassar was removed from the United States on March 12, 2013 (Doc. 9, Exs.).

Since Nassar has been released and thus has achieved the sole relief requested in his habeas petition, Nassar's habeas petition has been rendered moot and should be dismissed.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondents' motion to dismiss (Doc. 9) be GRANTED and Nassar's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

---

[1] It is further noted an order and a notice from this court mailed to Nassar on June 5, 2013 and June 20, 2013, respectively, were returned to the Clerk of Court on June 8, 2013 and June 25, 2013, each stamped "Return to Sender - Refused - Unable to Forward" (Docs. 7, 12).  Obviously, after Nassar was removed from the United States on March 12, 2013, he failed to provide the court with his new address.  Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days.  Nassar's failure to inform the court of his address change within 30 days provides another ground for dismissal of his habeas petition, for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket.  Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Co., 669 F.2d 317, 320-21 (5th Cir. 1982).

party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of August 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE